IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| SONJA RENEE CALLAHAN, § <br> Petitioner, § <br> § <br> V. § <br> § <br> JODY R. UPTON, Warden, § <br> FMC-Carswell, § <br> Respondent. § | Civil Action No. 4:17-CV-062-O |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Sonja Renee Callahan, a federal prisoner who was confined in the Federal Medical Center in Fort Worth, Texas (FMC-Carswell), when the petition was filed, against Jody R. Upton, warden of FMC-Carswell, Respondent.[1] After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

**I. BACKGROUND**

This case involves the Initiative on Executive Clemency (IEC) for federal prisoners and Deferred Action for Parents of American and Lawful Permanent Residents ("DAPA").

**II. ISSUES**

Petitioner claims that President Obama and the Department of Justice (DOJ) exercised presidential clemency power and executive action in violation of the United States Constitution and federal regulations. Pet. 1, ECF No. 1. Specifically, she contends that the president and the DOJ, in

---

[1]Petitioner was confined at FMC-Carswell when she filed her petition, but the BOP's website reflects that she is currently confined at FCI-Hazleton located in Brockton Mills, West Virginia. Although Petitioner has not provided notice of her change of address, the clerk of Court is directed to send a copy of the Court's opinion and order and final judgment to both her address of record and to FCI-Hazleton, Federal Correctional Institution, P.O. Box 5000, Brockton Mills, WV 26525.

violation of her rights to due process and equal treatment under the law, have denied meaningful access to the clemency process based on the limiting criteria for the IEC and have administered the criteria in an arbitrary and discriminatory manner by rendering clemency recommendations and granting clemency to inmates who did not meet their "set criteria" and by intentionally discriminating against women, white-collar, nonviolent offenders, and low-level, first-time offenders. *Id.* at 3; Pet'r's Sur-Reply 1, 3-4, ECF No. 13. She also contends that the IEC made it more onerous for her to qualify, apply, and receive a recommendation for clemency in violation of the ex post facto clause. Pet'r's Sur-Reply 5, ECF No. 13. Finally, she contends that DAPA violates her right to equal treatment under the law by giving privileges, entitlement program benefits, and "protective services," such as class-wide deferred prosecution, amnesty, and immunity from prosecution, to non-citizens over U.S. citizens and "known criminal aliens, similarly situated to" her, while maintaining her imprisonment and subjecting her to collateral consequences upon her release that do not apply to DAPA beneficiaries. Pet. 3-4, ECF No. 1; Pet'r's Sur-Reply 3-4, ECF No. 13. She seeks clemency review "under the valid clemency process as stated in Section 1.1-1.11 in 10 days" or immediate release, clemency and amnesty, a reduction in her sentence commensurate to that received by unqualified clemency recipients, expungement of her criminal conviction, remission of restitution, assessment fees, and fines, and a hearing for "compensation of time spent in custody due to the denial of access to a fair and just clemency process under existing clemency statutes." Pet. 1, 5, ECF No. 1; Pet'r's Sur-Reply 7, ECF No. 13.

### III. DISCUSSION

As a preliminary matter, this Court must determine whether it has jurisdiction to consider Petitioner's claims in the context of a habeas petition under § 2241. Petitioner contends that this

Court has jurisdiction to consider the petition under the Administrative Procedures Act (APA). Pet. 2, ECF No. 1. The APA provides that "[a] person suffering a legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. According to Petitioner, DAPA and the clemency criteria established by the IEC constitute substantive rule changes requiring compliance with the APA's notice-and-comment requirements. Pet. 2, ECF No. 1; Pet'r's Sur-Reply 5, ECF No. 13. The APA establishes the procedures federal administrative agencies use for "rule making," defined as the process of "formulating, amending, or repealing a rule." 5 U.S.C. § 551(5). Notice-and-comment requirements of the APA apply only to so-called "legislative" or "substantive" rules, which have the "force and effect of law"; they do not apply to "interpretive rules, general statements of policy, or rules of agency organization, procedure, or practice," which do not. *Id.* § 553(b); *Shalala v. Guernsey Mem'l Hosp.,* 514 U.S. 87, 99 (1995); *Chrysler Corp. v. Brown,* 441 U.S. 281, 302-303 (1979). Although there is support for Petitioner's argument that DAPA is subject to the APA's notice-and-commit requirements, clearly the IEC and the criteria set out therein are not legislative rules with the force and effect of law. *See Texas v. United States,* 809 F.3d 134, 178, 186 (5th Cir. 2015) (as revised) (finding that plaintiff states were likely to succeed on their claim that the 2014 DAPA Memo should have been made through notice-and-comment procedures), *aff'd by an equally divided court,* 136 S. Ct. 906 (2016). Thus, although the DOJ is an "agency" within the meaning of the APA, the regulations that do affect clemency are found at 26 C.F.R. §§ 1.0-1.11 and are not binding on the president. 26 C.F.R. § 1.11. "Federal clemency is exclusively executive: Only the President has the power to grant clemency for offenses under federal law." *Harbison v. Bell,* 556 U.S. 180, 187 (2009). And, "the substantive discretion of the president in the exercise of his clemency power is all but

3

absolute." *Spinkellink v. Wainwright,* 578 F.2d 582, 618 (5th Cir. 1978), *cert. denied,* 440 U.S. 976 (1979). Thus, the president can grant or deny clemency at will, notwithstanding the DOJ's procedures or criteria, and judicial review of clemency decisions is rarely, if ever, appropriate. *See Conn. Bd. of Pardons v. Dumschat,* 452 U.S. 458, 464-67 (1981). Petitioner fails to establish that judicial review of her clemency claims under the APA is appropriate in this case.

Furthermore, even assuming Petitioner's claims were properly presented under § 2241, to obtain federal habeas relief, Petitioner must show that she is being held in "violation of the Constitution, or laws, or treaties of the United States." 26 U.S.C. § 2241(c)(3). Petitioner concedes that clemency is not a "per se entitlement" but asserts that it is nevertheless an "opportunity for release, with constitutional protections, because the President's clemency power is not absolute." Pet'r's Sure-Reply 4, ECF No. 13. Although the president's clemency power may be "limited by other constitutional provisions," the Supreme Court has cautioned courts "to avoid interference with the . . . clemency powers vested in the Executive Branch." *Schick v. Reed,* 419 U.S. 256, 266-67 (1974) (holding "the pardoning power is an enumerated power of the Constitution and that its limitations, if any, must be found in the Constitution itself"); *Affronti v. United States,* 350 U.S. 79, 83 (1955). The Court sees no reason to do so here. Petitioner has no statutory or constitutional right to clemency or clemency proceedings. *See Dumschat,* 452 U.S. at 464-67. *See also Greenholtz v. Inmates of the Neb. Penal and Corr. Complex,* 442 U.S. 1, 7 (1979) (providing "[d]ecisions of the Executive Branch, however serious their impact, do not automatically invoke due process protection; there simply is no constitutional guarantee that all executive decision making must comply with standards that assure error-free determinations."). Because she has no such right to clemency, she is not entitled to due process or equal protection in connection with the procedures by which a

petition for clemency is considered or a clemency decision. *See Griggs v. Fleming,* 88 Fed. App'x 705, 2004 WL 315195, at *1 (5th Cir.), *cert. denied,* 542 U.S. 931 (2004).

Petitioner's ex post facto argument is equally frivolous. She asserts that retroactive application of the IEC's criteria, which make it more difficult for her to qualify, apply, and receive presidential clemency, violate ex post facto principles by applying regulations that are more onerous than those in effect at the time she committed the offense. Pet'r's Sur-Reply 5, ECF No. 13. However, the criteria did not result in increased punishment retroactively for Petitioner. As there is no "risk of increasing the measure of punishment attached to" Petitioner's crime as a result of the IEC's criteria, their application to her does not violate the ex post facto clause, if it applies at all. *See Garner v. Jones,* 529 U.S. 244, 250 (2000).

Lastly, Petitioner's claim under DAPA also fails. In addition to other benefits, DAPA set forth criteria for exercising prosecutorial discretion under immigration laws through the use of deferred action, on a case-by-case basis, to allow individuals who otherwise were not legally within the United States to remain for some period of time. *See Texas v. United States,* 787 F.3d 733, 744 (5th Cir. 2015). Petitioner fails to establish how a ruling in her favor as to this claim would result in her accelerated release or a reduction of her sentence. *See Clarke v. Stalder,* 154 F.3d 186, 189 (5th Cir. 1988) (en banc). Nevertheless, implementation of DAPA was enjoined on a nationwide basis by the Fifth Circuit's 2015 decision in *Texas v. United States.* 809 F.3d at 186.

## III. CONCLUSION

For the reasons discussed, Petitioner's petition for habeas-corpus relief under 28 U.S.C. §

2241 and a certificate of appealability are DENIED.

**SO ORDERED** on this 21st day of February, 2018.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**